1 Paul M. Levine (007202)
2 Matthew A Silverman (018919)
**McCarthy ◆ Holthus ◆ Levine**
3 3636 North Central Avenue
Suite 1050
4 Phoenix, AZ 85012
5 (602) 230-8726

6 Attorneys for Movant,
Litton Loan Servicing LP, its assignees and/or successors
7

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| In re: | ) In Proceedings Under |
| Kip A Smyth, | ) Chapter 7 |
| Carrie J Smyth, | ) Case No. 4:09-bk-04004-JMM |
| Debtors. | ) **MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| Litton Loan Servicing LP, its successors and/or assigns, | ) |
| Movant, | ) |
| v. | ) |
| Kip A Smyth, Carrie J Smyth, Debtors; and Gayle E. Mills, Chapter 7 Trustee, | ) |
| Respondents. | ) |

Litton Loan Servicing LP, its assignees and/or successors ("Movant"), by and through its undersigned attorney, moves for termination of all stays and injunctions, pursuant to 11 U.S.C. § 362(d), 11 U.S.C. § 105, Bankruptcy Rules 4001 and 9014 and Local Rule 4001, regarding the real property generally described as 901 N Hubbard St, Casa Grande, AZ 85222.

The relief requested in this Motion is proper for all of the reasons set forth in the Memorandum of Points and Authorities attached hereto and incorporated herein by this reference.

DATED: March 19, 2009

**McCarthy ◆ Holthus ◆ Levine**

By: /s/ Matthew A Silverman, Esq.
Paul M. Levine
Matthew A Silverman
3636 North Central Avenue
Suite 1050
Phoenix, AZ 85012
Attorneys for Movant

# MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about 03/05/2009, Debtors filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtors or any act to obtain possession of any property of the Debtors or to enforce any lien against any property of the Debtors.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

3. On or about 03/31/2006, Movant entered into a contract with Kip A Smyth and Carrie J Smyth wherein Debtors agreed to pay the amount of $830.67, or more, on or before the first day of every month, beginning on or about 05/01/2006. The obligation is evidenced by a Note and secured by a Deed of Trust. **See Exhibit "1"**.

4. The Deed of Trust was timely and duly recorded and perfected in accordance with Arizona law as Recorders No. 2006-048852 in the office of the Pinal County Recorder.

5. Movant is the holder of the Note that is Secured by the Deed of Trust and is the real party in interest.

6. The original principal amount of the Note was $127,200.00, plus interest, costs and attorneys' fees for collection. Currently, but for the defaults in acceleration, the monthly payment pursuant to the Note would be $830.67.

7. The Debtors have failed to make monthly payments, beginning with the month of 10/01/2008, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges. Debtors have been in default for 6 months.

8. Further, Debtors intend to surrender the subject property as set forth in Debtors' Statement of Intention. **See "Exhibit 4".**

9. As of 03/17/2009, the amount required to fully reinstate the Debtors' loan is approximately $6,234.41 , itemized as follows:

| | | | | | |
|---|---|---|---|---|---|
| Unpaid Principal Balance: | | | | $ | 126,851.91 |
| DELINQUENCIES: | | | | | |
| Monthly Payments: | 6 | at | $830.67 | $ | 4,984.02 |
| (10/08 through 03/09) | | | | | |
| Late Charges: | 1 | at | $168.50 | $ | 168.50 |
| Escrow Advances: | | | | $ | 267.39 |
| Other Items: | | | | $ | 114.50 |
| Bankruptcy Attorney's Fees & Costs: | | | | $ | 500.00 |
| Total Delinquencies: | | | | $ | 6,234.41 |
| Total Amount Due to Secured Creditor: | | | | $ | 133,086.32 |

10. Pursuant to the Note, Movant has declared the entire unpaid balance of principal and accrued interest, plus all other amounts owed, to be immediately due and payable. As of 03/17/2009, the principal amount owing on the Note secured by the Trust Deed is $133,086.32.

11. Movant has performed all of its obligations required under the Note and Deed of Trust, and all conditions precedent to the Debtors' performance there under have occurred.

## **MOVANT IS NOT ADEQUATELY PROTECTED**

12. Movant is not adequately protected. Movant is not receiving regular monthly payments from the Debtors, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(1).

## **DEBTORS HAVE NO EQUITY IN THE PROPERTY AND THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION**

13. Pursuant to 11 U.S.C. § 362 subd. (d)(2), Movant is entitled to relief from the automatic stay to enforce its lien if Debtors have no equity, and the Property is not necessary for an effective reorganization. Unless a reorganization is contemplated and feasible, a creditor is entitled to relief from the automatic stay if the Debtors have no equity in the Property. In Re Diplomat Electronics Corp., B.R. 688 (Bank S.D.N.Y. 1988).

14. The Moving Party further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

15. Movant requesting relief from the stay has the burden of proof on only one issue. That is the issue of the Debtors' equity in the Property. On all other issues, any party opposing relief has the burden of proof. 11 U.S.C. § 362(g). Unless a party opposing relief produces evidence on these points, Movant is entitled to relief without presenting any evidence whatsoever. Gauvin v. Wagner (In re Gauvin), 8 C.B.C. 2nd 359, 361; 10 BCD 219; 24 B.R. 578 (9th Cir. BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity. Id.

16. Upon information and belief, the Debtors have no equity in the subject Property and the subject Property is not necessary for an effective reorganization.

17. The current value of the Debtors' subject Property is $92,500.00 based upon the Debtors' own value as set forth in Schedule A. **See Exhibit "2"**.

18. Other than Movant's Deed of Trust, the subject Property is also encumbered by a second Deed of Trust in favor of CBNA in the approximate amount of $45,058.00 as set forth in Debtors' Schedule D. **See Exhibit "3"**.

19. In determining whether there is equity, all encumbrances on the Property, including costs and attorney's fees, must be considered. In Re McCall, 25 B.R. 199 (Bank E.D. PA 1982). In addition, the valuation assigned to the subject Property must be reduced by an amount sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates (In re Rancho El Cajon Associates), 18 B.R. 283 (Bank. S.D. Cal. 1982).

20. In the present case, the Debtors have little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Movant herein and the other liens as noted in this Motion.

| | |
|---|---:|
| Value | $ 92,500.00 |
| Total Liens to Secured Creditor | $ 133,086.32 |
| Junior Liens | $ 45,058.00 |
| Less 8% Cost of Sale | $ 7,400.00 |
| Equity | $ (93,044.32) |

21. Based on the foregoing, Movant alleges that there is no equity in the subject Property and the Property is not necessary for an effective reorganization. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(2). Due to the filing of the instant bankruptcy petition, Movant is stayed from proceeding with the foreclosure.

## **CONCLUSION**

1. Movant's claim is in default and unpaid by the Debtors.
2. Movant's only form of redress is to look to the secured property.
3. Costs, attorneys' fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.
4. This property is not required for any reorganization.
5. Movant is not adequately protected.
6. Movant is a secured creditor who is at dangerous peril of becoming undersecured as a result of the stays which enjoin Movant from foreclosing its lien. Therefore, pursuant to 11 U.S.C. § 362(d)(2), this Motion should be granted to avoid further erosion of Movant's secured lien position.

## **REQUEST FOR RELIEF**

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

A. Terminating all stays and injunctions including, but not limited to, the automatic stays under Bankruptcy Code § 362(a)(2) and 105 with respect to the property which is described herein as to the Movant only;

1       B. For Movant's reasonable attorneys' fees and costs and interest herein
2 incurred and expended; and

3       C. For such other and further relief as the Court deems just and equitable.

4 DATED: March 19, 2009

5                               **McCarthy ◆ Holthus ◆ Levine**

7                           By: /s/ Matthew A Silverman, Esq.
8                             Paul M. Levine
                              Matthew A Silverman
9                             3636 North Central Avenue
                              Suite 1050
10                            Phoenix, AZ 85012
11                            Attorneys for Movant

On 3/19/2009, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** on the following individuals by electronic means through the Court's ECF program:

    COUNSEL FOR DEBTORS
    Ronald N Allen
    ronald.allen@azbar.org

    UNITED STATES TRUSTEE
    Tucson Division
    USTPRegion14.PX.ECF@USDOJ.GOV

    TRUSTEE
    Gayle E. Mills
    gaylemills@earthlink.net

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

                                              /s/ Cretu Andrada
                                              Cretu Andrada

On 3/18/2009, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**, on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

    UNITED STATES TRUSTEE
    Tucson Division
    230 North First Avenue, Suite 204
    P.O. Box 36170
    Phoenix, AZ 85003

    DEBTORS
    Kip A Smyth
    901 N Hubbard ST
    Casa Grande, AZ 85222

| | |
|---|---|
| 1 | Carrie J Smyth |
| 2 | 901 N Hubbard ST |
|   | Casa Grande, AZ 85222 |
| 3 | |
| 4 | **I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.** |
| 5 | |
| 6 | /s/ David Fry |
|   | David Fry |
Carrie J Smyth
901 N Hubbard ST
Casa Grande, AZ 85222

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ David Fry
David Fry